### In re PROUDFOOT.

(Circuit Court, N. D. West Virginia. January 26, 1909.)

BANKRUPTCY (§ 348*)—DEBTS ENTITLED TO PRIORITY—DISPLACEMENT OF LIENS.
The provision of Bankr. Act July 1, 1898, § 64b (4), c. 541, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), giving priority to wages due to workmen, is not intended to give such priority over debts secured by valid liens.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*]

In Bankruptcy. On exceptions to report of master.

Melville Peck, W. T. Ice, Jr., Fred O. Blue, and John Bassel, for exceptors claiming liens.

J. Hop Woods, S. V. Woods, L. V. Holsberry, and Chas. M. Murphy, for exceptors claiming preference as laborers.

S. V. Woods, for trustee.

GOFF, Circuit Judge. The district judge being disqualified, this case has been duly certified and comes before me for decision. The validity of certain liens herein involved has been established by the judgment of the Circuit Court of Appeals for this Circuit, and their priorities are now to be determined. Crim et al. v. Woodford, 136 Fed. 34, 68 C. C. A. 584. By virtue of a decree subsequent to the filing of the mandate of the appellate court, the master has reported the debts of the bankrupt, indicating those having preference and finding the priorities of the liens. To this report some of the creditors

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the bankrupt have filed exceptions. It is insisted that the master erred in reporting certain debts of the bankrupt as entitled to priority as wages due to workmen earned within three months before the date of the commencement of the proceedings in bankruptcy. It is also claimed that the master erred in refusing to report certain other creditors as entitled to priority because of their debts as laborers. It is urged by other creditors that the master misconceived the law in holding that their liens—created by deed of trust and by judgment—were not entitled to priority over the claims of all the creditors who set up preference, because of the fact that the amounts due them were for wages earned by them within the period mentioned.

The Circuit Court of Appeals in Crim et al. v. Woodford, supra, held that the identical debts now claimed by the exceptors Manown, Moore, and Crim's executors are valid, and plainly within the protection of section 67, subd. "d," of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]). The evidence taken and returned by the master fails to show that any creditors of the bankrupt is because of any equity shown by him entitled to priority over any of said liens. These three claims were given to secure loans made to the bankrupt at the time the liens were given; and, while it appears that the transactions involved took place within four months prior to Proudfoot's bankruptcy, nevertheless the liens are under the bankrupt act as well as under the laws of the state of West Virginia valid, for they were given to secure bona fide loans made at the time they were executed. Such liens are expressly preserved by the direct provisions of the bankrupt act.

The master erred when he held that it was the intention of the Congress to so legislate that the wages due to laborers should be given priority over the secured debts of the bankrupt, as the bankrupt law only provides that such claims shall have priority out of the estate of the bankrupt, or, applying the evident purpose of the act to this case, the wages due to the creditors of Proudfoot, earned within three months before the date of the commencement of the bankrupt proceedings against him, were entitled to priority over other debts not out of the funds derived from the sale of his property, but out of such sum as remained after the satisfaction of the debts duly secured by liens lawfully existing at the time the bankruptcy proceedings were instituted. To hold otherwise would be to disregard the plain intent of the bankrupt law, would treat as null and void the existing provisions of the West Virginia statutes, and would place in jeopardy the validity of the liens of deed of trust, of mortgages, and of those reserved to secure unpaid purchase money heretofore universally recognized as efficacious and as essential to the protection of the business transactions and commercial prosperity of the country. The trustee of Proudfoot came into the possession of the bankrupt's property, subject to all the equities existing against it, and he is required by the law to respect the liens with which he found it incumbered.

Other questions of importance are presented by the various exceptions, but the conclusion I have reached, taken in connection with the fact that the fund in the hands of the trustee will not discharge in

full the secured debts to which I have alluded, renders their consideration unnecessary.

A decree drawn as indicated by this opinion will be entered sustaining and overruling the several exceptions mentioned, and providing for the disbursement of the fund in the custody of the trustee among those entitled thereto, as shown by the liens now declared to be valid and entitled to priority in payment, after the costs, the taxes, and the purchase money still due shall have been paid.